UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

ERIC PRESLEY,                    )
                                 )    6:  12-cv-02169-PK
        Petitioner,              )
                                 )
    v.                           )
                                 )    FINDINGS AND RECOMMENDATION
JEFF PREMO,                      )
                                 )
        Respondent.              )

        Allison M. Clark
        Assistant Federal Defender
        101 SW Main Street, Suite 1700
        Portland, Oregon  97204

            Attorney for Petitioner

        Ellen F. Rosenblum
        Attorney General
        Nicholas M. Kallstrom
        Assistant Attorney General
        Department of Justice
        1162 Court Street NE
        Salem, Oregon 97301

            Attorneys for Respondent


    1 - FINDINGS AND RECOMMENDATION

PAPAK, Magistrate Judge.

Petitioner Eric Presley brings this habeas corpus action pursuant to 28 U.S.C. § 2254 and challenges his Robbery convictions and sentence. For the reasons set forth below, the Petition for Writ of Habeas Corpus [2] should be denied, and Judgment should be entered dismissing this action with prejudice.

## BACKGROUND

On September 29, 2006, the Multnomah County Grand Jury returned a reindictment charging Presley with eleven (11) counts of Robbery in the First Degree with a Firearm, twenty-two (22) counts of Robbery in the Second Degree, one count of Kidnapping in the Second Degree with a Firearm, and one (1) count of Unauthorized Use of a Vehicle with a Firearm. Respondent's Exhibit 103, ER 1-5. The reindictment involved two separate robberies (the Thatcher Tavern robbery and the Wilshire Tavern robbery) and they were severed for trial. A jury found petitioner guilty on all counts related to the Wilshire incident (counts 6-35), and he pleaded no contest to one count of Robbery in the Second Degree and one count of Unauthorized Use of a Vehicle with a Firearm related to the Thatcher incident (counts 2 & 5). The court dismissed one count of Robbery in the First Degree with a Firearm, one count of Robbery in the Second Degree and one count of Kidnapping in the Second Degree with a Firearm related to the Thatcher incident (counts 1, 3 & 4).

The court imposed a sentence totaling 340 months. Respondent's Exhibit 101.

Presley directly appealed his convictions and sentence, but the Oregon Court of Appeals affirmed the trial court without a written opinion, and the Oregon Supreme Court denied review. *State v. Presley*, 226 Or. App. 85, 202 P.3d 2290 (2009), *rev. denied* 346 Or. 364, 213 P.3d 578 (2009); Respondent's Exhibits 103-107.

Presley next filed for post-conviction relief ("PCR") in state court. The PCR trial court denied relief. *Presley v. Coursey*, Umatilla County Circuit Court Case No. CV09-1112. On appeal, the Oregon Court of Appeals affirmed the PCR trial court without written opinion, and the Oregon Supreme Court denied review. *Presley v. Coursey*, 249 Or. App. 697, 281 P.3d 266 (2012), *rev. denied* 352 Or. 341, 288 P.3d 275 (2012); Respondent's Exhibits 127-131.

On November 28, 2012, Presley filed this action. Notably, in his *pro se* Petition, Presley failed to allege any grounds for federal habeas relief and instead summarized the claims he presented to the Oregon courts on direct appeal and in his PCR proceedings. On January 7, 2013, the Court appointed counsel to represent Presley and on February 26, 2013 the Court granted counsel's Unopposed Motion for Issuance of a Revised Scheduling Order [15] setting out, among other things, a deadline for the filing of an Amended Petition. The Court subsequently granted

Presley's three unopposed motions for extension of time, each time resetting the deadline for the filing of an Amended Petition.[1] Nevertheless, Presley's counsel never filed an Amended Petition in this case. Instead counsel opted only to file a Brief in Support of the *pro se* Petition. In that brief, counsel argues the following two claims:

1.  Ground One:  Petitioner was denied Due Process when the trial judge refused to recuse himself despite appearance of judicial bias.

    Supporting Facts:  The trial judge refused to recuse himself from the Wilshire Tavern robbery jury trial after he expressed an opinion about Mr. Presley's guilt

2.  Ground Two:  Petitioner was denied Due Process when he was convicted of first degree robbery based on insufficient evidence.

    Supporting Facts:  At Mr. Presley's jury trial, the State presented no direct evidence that the gun used in the Wilshire Tavern robbery was loaded or operable, and no reasonable inference about operability could be drawn from the facts presented at trial.

Respondent asks the court to deny relief on the Petition because:  (1) Presley failed to allege any grounds for federal relief in his Habeas Petition; (2) the argued claim of judicial bias is procedurally defaulted or to the extent it was fairly presented to the state courts, it was correctly denied on the

------

[1]The Court notes Presley initially sought an extension of time to file an amended petition and brief in support, but only asked for additional time to file a brief in support in his second two motions. *See* Motions [20], [23] & [27].  Nevertheless, as noted above, the Court reset the time for filing an amended petition in each of its Orders granting the requested extensions of time.

4 - FINDINGS AND RECOMMENDATION

merits in a state-court decision entitled to deference; and (3) the argued sufficiency of the evidence claim was correctly denied on the merits in a state-court decision entitled to deference.

## DISCUSSION

### I.    No Federal Habeas Claims Alleged in the *Pro Se* Habeas Petition

Rule 2(c) of the Rules Governing Section 2254 Habeas Petitions provides, in relevant part, that a Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 must:    (1) specify all the grounds for relief available to the petitioner; and (2) state the facts supporting each ground.    The Court's review of the Petition reveals Presley did not raise any federal habeas claims in his *pro se* petition.    Therefore, the claims argued in the counseled Brief in Support are not properly before the Court, and are not eligible for review.    *See Green v. Henry*, 302 F.3d 1067, 1070 n. 3 (9th Cir. 2002)(claims not in the petition need not be considered); *Marquette v. Belleque*, 2010 WL 4235889, *2 (D.Or. Oct. 20, 2010)(same).    As previously noted, the Court appointed counsel in this case and repeatedly set deadlines for the filing of an Amended Petition.    Accordingly, the Court is not persuaded by counsel's argument that the Court should liberally construe Presley's *pro se* petition and assume his summary of the claims he presented to the Oregon courts on direct appeal and in his PCR proceeding adequately constitutes an assertion of claims in this federal habeas action.

Nevertheless, for the reasons set forth below, even assuming the argued claims were properly before the Court and reviewable on the merits, the Court would conclude they do not entitle Presley to relief.

## II.  **Merits**

### A.  **Standard of Review**

An application for writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct and Presley bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court

may grant relief "if the state court identifies the correct legal principle from [the Supreme Court's] decisions, but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413.   The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. *Id.* at 410.   The state court's application of clearly established law must be objectively unreasonable.   *Id.* at 409.

**B.    Analysis**

          1.   **Denial of Due Process When the Trial Judge Refused to Recuse Himself Despite Alleged Appearance of Judicial Bias**

The morning his trial was to begin Presley moved for substitution of counsel.  According to Presley, his attorney was focused on negotiating a plea deal with the district attorney rather than preparing for Presley's trial even though Presley had consistently told counsel he did not want to make a deal.   In the context of this hearing on the substitution motion, the following exchange took place between Presley and the court:

> THE DEFENDANT:  And (inaudible) the time to take a deal, you know, in this, that's not in my best interest.  I don't think this attorney's in my best interest.
>
> THE COURT:  Well, you're facing 34 Measure 11 counts, and --
>
> THE DEFENDANT:  Exactly, Your Honor, and that's my point, you know.  I mean, I need somebody that's going to represent me. This is my life, not his.  I mean it's easy for him to --
>
> THE COURT:  You're going to trial today.
>
> THE DEFENDANT:  Huh?

7 - FINDINGS AND RECOMMENDATION

THE COURT:  Yeah, you're going to trial today.  You don't have to worry about it.  You don't have to accept a deal.  I urged the attorneys to at least explore the possibility of a deal that would give you something less than the offer, which was something like 270 months, and I was actually urging them to not to at least miss the opportunity to at least talk about the possibility of less time for you.

If found guilty you could be facing the rest of your life in prison and that's why I did that, because I don't think it's in your best interest to go to trial based on what I've seen of the DNA evidence, and such.

So you're kind of barking up the wrong tree.  This lawyer is ready to go to trial.  He's not on the side of the State, and it's common that before trial the lawyers get together and try to work out a compromise of a claim -- claims, if they can. In this case they couldn't, and so we're ready to go to trial.

Trial Transcript, Volumes I, II & III, pp. 27-28.

More discussion ensued, then, following a break, Presley's counsel apparently moved for some kind of relief based on the trial court's comments pertaining to Presley's chances at trial.[2]  The State agreed Presley should be allowed to withdraw his waiver of a jury trial on the Thatcher incident if he so chose and/or to sever those counts and have them decided by another judge.  Ultimately the court allowed Presley to sever the two robbery incidents (a motion the court had previously denied) and ordered that another judge handle the Thatcher Tavern robbery case.  The court explained:

THE COURT:  Okay.  I think under the circumstances, we'll sever the trial and we'll just try the Wilshire case.  I can

---

[2]Because relevant pieces of the transcript are noted as inaudible, the Court cannot discern precisely the nature of relief Presley's counsel sought.

be fair in the Wilshire case.  I'm not going to decide it, and
we'll let another judge hear the Thatcher case.

And actually, my statement simply was -- I think it was based
on all the evidence that we talked about on the defendant's
and State's motions where it was represented in pleadings, or
in the briefs, that there was this defendant's blood at the
lottery machine at Thatcher and the DNA showed that it was his
and that there was one in a billion chances that it wasn't
his.  That's, I guess, what was in my mind and --  but under
the circumstances, I can understand -- I would like to remove
the issue simply by severing those cases.

*Id.* at 35.[3]

The Due Process Clause of the United States Constitution
guarantees a criminal defendant the right to a fair and impartial
judge.  *See, e.g., In re Murchison*, 349 U.S. 133, 136 (1955).
However, to succeed on a claim of judicial bias a federal habeas
petitioner must "overcome a presumption of honesty and integrity in
those serving as adjudicators." *Withrow v. Larkin*, 421 U.S. 35, 47
(1975).

Federal habeas relief on a claim that a state trial judge was
so prejudiced as to violate the petitioner's federal constitutional

---

[3]In the State's pretrial Motion to Introduce Evidence of
Defendant's Prior Bad Acts, it represented that DNA testing of a
drop of blood found at the Thatcher Tavern crime scene showed the
blood matched Presley's DNA profile.  In addition, DNA testing of
a saliva stain on a piece of t-shirt and of cells found on two (of
six) latex gloves both found within a mile of the Wilshire Tavern
crime scene and within approximately an hour of that robbery,
showed the saliva and cells matched Presley's DNA profile.
Moreover, a forensic scientist stated the "odds are 1 in 10 billion
that another, unrelated person from a random population would have
the same profile."  Respondent's Exhibit 121, pp. 3-5.  Presley
also referenced these DNA test results in his pretrial Memorandum
of Law in Support of Motion to Sever Counts and Provide Separate
Trials.  Respondent's Exhibit 122, pp. 3-5.

9 - FINDINGS AND RECOMMENDATION

right to due process requires the petitioner to establish the state trial judge's behavior rendered his trial fundamentally unfair. *See, e.g., Duckett v. Godinez*, 67 F.3d 734, 740 (9th Cir. 1995). The petitioner must show either actual bias or the appearance of bias creating conclusive presumption of actual bias. *See United States v. Lowe*, 106 F.3d 1498, 1504 (10th Cir. 1997).

Presley presents no evidence of actual bias. *See Crater v. Galaza*, 491 F.3d 1119, 1131-32 (9th Cir. 2007)(noting the judge had not made "highly personal aspersions" at the defendant nor had the judge displayed open hostility or bias at the beginning of the proceeding); *Duckett*, 67 F.3d at 740. The judge presiding over Presley's jury trial had no direct, personal, or substantial interest in seeing him convicted of any of the crimes charged and, accordingly, there is no evidence of actual bias. *See Paradis v. Arave*, 20 F.3d 950, 958 (9th Cir. 1994)("[D]efendants are entitled to a judge who has no direct personal interest in the outcome of a proceeding.").

Nor has Presley presented any evidence of the appearance of bias at his jury trial. *See, e.g., Taylor v. Hayes*, 418 U.S. 488, 501 (1974)("the inquiry must be not only whether there was actual bias on [the judge's] part, but also whether there was such a likelihood of bias or an appearance of bias that the judge was unable to hold the balance between vindicating the interests of the court and the interests of the accused."). Supreme Court precedent

reveals only three circumstances in which the appearance of judicial bias violated a litigant's right to due process. *See Crater*, 491 F.3d at 1131-32. Due Process requires recusal of a judge who has a direct, personal, substantial pecuniary interest in reaching a conclusion against one of the litigants. *Id*. A litigant's right to due process is also violated if a trial judge becomes "embroiled in a running, bitter controversy" with one of the litigants. *Mayberry v. Pennsylvania*, 400 U.S. 455, 465 (1971). Due process is also violated if the judge acts as "part of the accusatory process." *In re Murchison*, 349 U.S. at 137.

Presley has not established that the trial judge had a direct interest in his criminal proceedings or that he was embroiled in a "bitter controversy" with Presley. Moreover, after reviewing the relevant portions of the trial transcript, the Court concludes the judge's interaction with Presley did not constitute the judge becoming "part of the accusatory process". The Supreme Court has stated that "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Presley's arguments aside, the judge did not demonstrate constitutionally impermissible bias when he encouraged the parties to engage in

pretrial negotiation or when he referenced the DNA evidence already presented to the court by the parties in pretrial motions. Accordingly, because Presley has not established actual bias or the appearance of bias on this record, he cannot demonstrate that any denial on the merits of this claim by the Oregon courts was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court.

2. **Sufficient Evidence to Prove Beyond a Reasonable Doubt that the Gun Used in the Wilshire Incident was Loaded and Operable**

At the close of evidence at trial Presley moved for Judgment of Acquittal based on the State's failure to prove the "deadly weapon" element of Robbery in the First Degree. ORS §161.015 defines a deadly weapon as "any instrument, article or substance specifically designed for and presently capable of causing death or serious physical injury." In denying Presley's Motion, the court reasoned as follows:

> THE COURT: Okay. I'm going to deny the motion. There was evidence that the weapons were real shotguns and also evidence that the robbers pointed them right at the patrons' heads, and under the *Vance* and *Musgrave* cases, it permits -- does not require an inference that they were operable and loaded.

Trial Transcript, Volumes I, II & III, pp. 284-85.

As a preliminary matter, the parties agree *Jackson v. Virginia*, 443 U.S. 307 (1979) governs this sufficiency of the evidence issue. In reviewing a conviction under this standard, a court must determine whether the evidence, examined in the light

12 - FINDINGS AND RECOMMENDATION

most favorable to the prosecution, would allow any rational trier
of fact to have found the essential elements of the crime beyond a
reasonable doubt.  *Id*. at 318.  In addition, and as referenced by
the trial court above, under Oregon law, a fact finder may infer
that a gun was loaded if during the course of a robbery, the
defendant pointed the gun at another within firing range.  *See*
*State v. Vance*, 285 Or. 383, 359 (1979).

Evidence before the trial court at the time it denied
Presley's Motion for Judgment of Acquittal included the following:

- Testimony from numerous witnesses, all patrons at the
  Wilshire Tavern at the time of the robbery, that the
  robbers carried shotguns;

- Testimony from several witnesses that the gunmen pointed
  the guns at the patrons at close range, *e.g.*, "[t]he guy
  had the shotgun pointed at some guy's head, yelling at
  him"; "[gunman held the shotgun] in one hand by the
  pistol grip, forcing it upon the two gentlemen and then
  forcing them to the ground by pulling on their shirts";
  "Well, I had my purse right here so I was trying to hide
  it, and I just looked at him, and when I looked up,
  realized that the gun was pointing at me and said, 'I'm
  not on my phone.'" and

- Testimony from numerous witnesses that the gunmen shouted
  and screamed at the patrons to get on the ground and to
  surrender their belongings;

Trial Transcript, Volumes I, II & III, pp. 105-51, 157-67 and 179-
88.

Having carefully reviewed the record as it relates to
Presley's Motion for Judgment of Acquittal, the Court is satisfied
that there was ample evidence from which a reasonable fact finder
could conclude that the prosecution proved the "deadly weapon"

13 - FINDINGS AND RECOMMENDATION

element of Robbery in the First Degree beyond a reasonable doubt. Accordingly, Presley cannot establish that the trial court's denial of his motion for judgment of acquittal was contrary to, or involved an unreasonable application of *Jackson v. Virginia*.

### RECOMMENDATION

Based on the foregoing, the Petition for Writ of Habeas Corpus [2] should be DENIED, and judgment should enter DISMISSING this case with prejudice.

### SCHEDULING ORDER

The Findings and Recommendations will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

### NOTICE

A party's failure to timely file objections to any of these findings will be considered a waiver of that party's right to *de novo* consideration of the factual issues addressed herein and will constitute a waiver of the party's right to review of the findings of fact in any order or judgment entered by a district

14 - FINDINGS AND RECOMMENDATION

judge.    These Findings and Recommendation are not immediately appealable to the Ninth Circuit Court of Appeals.    Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment.

In addition, the district judge should certify that Presley has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).    This case is not appropriate for appellate review.

DATED this 2nd day of February, 2015.

_____
Paul Papak
United States Magistrate Judge

15 - FINDINGS AND RECOMMENDATION